Little Britain Township Supervisors, Appellants *v.* Harvey O. Sheetz and Miriam H. Sheetz, Appellees.

Argued September 13, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Daniel B. Strickler*, for appellants.

*Carl A. Wiker*, with him *Dennis L. Plank, Zimmerman, Going & Wiker*, for appellees.

OPINION BY JUDGE CRAIG, October 6, 1982:

Although Section 302 of the Zoning Ordinance of the Township of Little Britain defines "Mobilehome," "Mobilehome Park," and "Mobilehome Lot," the operative ordinance sections contain no provision allowing a mobilehome park anywhere in the township as a permitted use, special exception, conditional

use or even by way of planned residential development approval.

On the landowners' appeal from the township board of supervisors' rejection of their curative amendment proceeding, the Court of Common Pleas of Lancaster County, by Judge BUCKWALTER, held that the zoning ordinance was unlawfully exclusionary with respect to mobilehome parks and ordered that the landowners be permitted to establish a mobilehome park of three sites on their land area totaling 3.168 acres.

Judge BUCKWALTER's opinion ably discusses all issues raised except the township's further contention that an invalid exclusion of mobilehome parks is avoided by the zoning ordinance provision which allows "travel trailer parks" as permitted uses in the Open Space District and as special exceptions in the A-1 Agricultural District. We must reject that contention because the definitions of the Little Britain Zoning Ordinance recognize, consistent with common knowledge, a clear factual distinction between a mobilehome and a travel trailer, defining the former essentially as a "transportable, single family dwelling intended for permanent occupancy" and the latter as a "vehicular, portable structure . . . designed to be used as a temporary dwelling for travel, recreational, and vacation uses," adding that an unoccupied travel trailer shall not constitute a mobilehome as used in the ordinance.

We also decline to accept the township's contention that the available land area of 3.168 acres should be deemed to be reduced, to less than the 3 acres required, by deducting area attributable to a deed provision which reads,

under and subject to any prescriptive rights which may exist for a certain existing lane

across a portion of the within described premises.

That reference to an easement contingency does not warrant reduction in the computation of area available for zoning purposes in view of the ordinance definition of lot area as "total area within the lot lines." *See also O'Hara Township Board of Commissioners v. Hakim,* 19 Pa. Commonwealth Ct. 661, 665, 339 A.2d 905, 908 (1975).

We therefore adopt Judge BUCKWALTER's sound opinion, *Sheetz et al. v. Supervisors of Little Britain Township,* D. & C.3d (1981). The order of the common pleas court inadvertently referred to the township's failure to provide for a mobilehome park "district" rather than to failure to provide for mobilehome parks or mobilehome park "uses," although the opinion correctly deals only with the absence of zoning provision for mobilehome parks as uses. Therefore, the order will be modified to delete the word "district" and, as thus modified, will be affirmed.

### ORDER

Now, October 6, 1982, the order of the Court of Common Pleas of Lancaster County dated April 12, 1981 is modified to delete the word "district" and, as thus modified, is affirmed.